**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

JAYLIN SHAKIR                                           CIVIL ACTION NO. 20-0618

                                                        SECTION P

VS.

                                                        JUDGE TERRY A. DOUGHTY

JACKSON PARISH CORRECTIONAL                             MAG. JUDGE KAREN L. HAYES
CENTER, ET AL.

## MEMORANDUM ORDER

Plaintiff Jaylin Shakir, a prisoner at Jackson Parish Correctional Center Phase I ("JPCC")

proceeding pro se and in forma pauperis, filed this proceeding on approximately May 13, 2020,

under 42 U.S.C. § 1983.  He names the following defendants: JPCC, Sheriff Andy Brown,

Warden Timothy Ducote, Lieutenant Hines, and Sergeant Dean.[1]

## Background

Plaintiff alleges that, on April 14, 2020, when he was in protective custody in J-Dorm,

another inmate, Kevin Thissle, attacked him.  [doc. # 1, p. 1].  Thissle is allegedly a relative of

the victim in Plaintiff's criminal case.  *Id.*

Plaintiff has been attacked three times at JPCC.  He alleges: "Being housed in J-Dorm in

[JPCC] is and has been a safety hazard for my life and a violation of my rights as an inmate on

protective custody."  *Id.* at 1-2.  He claims that officials at JPCC have failed to efficiently protect

him.  *Id.* at 2.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under
28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff seeks a transfer, monetary compensation, an investigation, and the termination of "all said officers." *Id.*

## Amendment

Before going further, Plaintiff should, to the best of his ability and means, file an amended complaint and provide the information below.[2] Plaintiff should:

(1) provide a separate description of what, exactly, each defendant did to violate his rights; in other words, a description of how each defendant participated in the violation of his constitutional rights;

(2) provide a description of the injury or harm, if any, sustained as a result of each alleged violation;

(3) identify the specific injury or harm he seeks monetary relief for;

(4) clarify the relief he seeks; in other words, state exactly what he wants the Court to do for him;

(5) provide copies of any grievances, administrative remedy requests, and appeals that he filed, if any, concerning each of his claims, as well as copies of any responses he received[3]; and

(6) explain (A) how and when a defendant(s) had knowledge of a substantial risk of serious harm; (B) why there was a substantial risk of serious harm to him; and (C) how a defendant(s) disregarded a substantial risk of serious harm.

## Conclusion

For the foregoing reasons, **IT IS ORDERED** that Plaintiff Jaylin Shakir shall amend his Complaint, within **thirty (30) days** of the filing of this Order, to cure the deficiencies outlined above. Plaintiff shall dismiss any claims that he is unable to cure through amendment. Plaintiff

---

[2] See *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[3] Plaintiff only needs to provide documents that are in his possession or documents that he can obtain using his best efforts. The requested documents are not necessary, but they will aid the Court in analyzing Plaintiff's claims. At this time, he does not need to seek the Court's assistance in obtaining these documents.

shall also notify the Court of any change in his address under Local Rule 41.3.

Failure to comply with this Order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or dismissal under either Federal Rules of Civil Procedure 41(b) or 16(f).

In Chambers, Monroe, Louisiana, this 23rd day of June, 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE