UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

JAYLIN SHAKIR                                   CIVIL ACTION NO. 20-0618

                                                SECTION P

VS.

                                                JUDGE TERRY A. DOUGHTY

JACKSON PARISH CORRECTIONAL            MAG. JUDGE KAREN L. HAYES
CENTER, ET AL.


REPORT AND RECOMMENDATION

        Plaintiff Jaylin Shakir, a prisoner at Jackson Parish Correctional Center Phase I ("JPCC")

proceeding pro se and in forma pauperis, filed this proceeding on approximately May 13, 2020,

under 42 U.S.C. § 1983.  He names the following defendants in their individual and official

capacities: JPCC, Sheriff Andy Brown, Warden Timothy Ducote, Lieutenant Hines, and

Sergeant Dean.[1]  For reasons below, the Court should dismiss Plaintiff's claims.

Background

        Plaintiff alleges that, on April 14, 2020, when he was in protective custody in J-Dorm at

JPCC, another inmate, Kevin Thissle, attacked him.  [doc. # 1, p. 1].  Thissle is allegedly a

relative of the victim in Plaintiff's criminal case.  *Id.*

        Plaintiff has been attacked three times at JPCC.  He alleges: "Being housed in J-Dorm in

[JPCC] is and has been a safety hazard for my life and a violation of my rights as an inmate on

protective custody."  *Id.* at 1-2.  He claims that officials at JPCC have failed to efficiently protect

him.  *Id.* at 2.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under
28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff seeks a transfer, compensatory and punitive damages, an investigation, and the termination of "all said officers."  [doc. #s 1, p. 2; 8, p. 2].

<u>**Law and Analysis**</u>

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis.  As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2]  See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*).  Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted).  Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

## 2. Failure to Protect

To state a failure-to-protect claim, Plaintiff must allege that defendants' actions or inaction amounted to deliberate indifference.  That is, he must allege that a defendant "knew of and disregarded a substantial risk of serious harm." *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017).

Here, Plaintiff does not plausibly allege that any defendant knew of, and disregarded, a substantial risk of serious harm.  He does not allege, for instance, when any defendant had knowledge of a substantial risk of serious harm, how a defendant had such knowledge, or how a defendant disregarded such a risk.

Plaintiff does attach an "administrative remedy procedure" grievance, in which he maintained that an inmate attacked him on September 19, 2019, but he does not allege here that any defendant read—or otherwise was aware of the contents of—his grievance.  [doc. # 8, p. 3].  Rather, he suggests that "they" rejected his grievance because he requested too many forms of relief. *Id.* at 1.

At best, Plaintiff alleges that defendants *should have known* that other inmates were a threat to him because (1) he is in protective custody and (2) he was housed with a relative of his victim.  However, "Actions and decisions by officials that are merely inept, erroneous,

ineffective, or negligent do not amount to deliberate indifference . . . ." *Alton v. Texas A&M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999). "A state actor's failure to alleviate 'a significant risk that he should have perceived but did not,' while 'no cause for commendation,' does not rise to the level of deliberate indifference." *McClendon v. City of Columbia*, 305 F.3d 314, n.8 (5th Cir. 2002) (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)); see *Mosley v. Anderson*, 425 F. App'x 343, 344 (5th Cir. 2011) ("To the extent that prison officials were negligent for not preventing the assault, Mosley is not entitled to relief on this basis.").

While the undersigned is sympathetic to Plaintiff's plight, Plaintiff's allegations do not amount to a constitutional violation. Rather, Defendants' actions (as Plaintiff describes them) amount to no more than possible negligent conduct. If Plaintiff intends to pursue negligence claims, he should do so in state court.[3] This Court should dismiss Plaintiff's claims.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Jaylin Shakir's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or

---

[3] Plaintiff mentioned in a *grievance* that, at the time of one attack, he was a pre-trial detainee, and the attacker with whom he was housed was a convicted inmate. [doc. # 8, p. 3]. To be sure, "Housing pretrial detainees with DOC inmates is a violation of their rights 'unless such a practice is reasonably related to the institution's interest in maintaining jail security or physical facilities do not permit their separation.'" *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (quoting *Jones v. Diamond*, 636 F.2d 1364, 1374 (5th Cir. 1981)). Here, however, Plaintiff does not include the allegation above in either of his pleadings. And, even if he did, he does not allege that any defendant housed him with the convicted inmate; rather, he identifies only two non-parties. [doc. # 8, p. 3].

response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 18th day of August, 2020.

Karen L. Hayes
United States Magistrate Judge